```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| NICHOLE MICHELE PRATT, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| v. | Civil Action<br>No. 16-6398 (JBS-AMD) |
| CAMDEN COUNTY JAIL, | **OPINION** |
| Defendant. | |

APPEARANCES:

Nichole Michele Pratt, Plaintiff Pro Se
2856 Yorkship Rd.
Camden, NJ 08104

**SIMANDLE, Chief District Judge:**

**I.   INTRODUCTION**

Plaintiff Nichole Michele Pratt seeks to bring a civil rights complaint pursuant to the 42 U.S.C. § 1983 against the Camden County Jail ("CCJ"). Complaint, Docket Entry 1.

At this time, the Court must review the complaint, pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court will dismiss the complaint with prejudice for failure to state a claim and because it is time-barred. 28 U.S.C. § 1915(e)(2)(b)(ii).

**II.  BACKGROUND**

Plaintiff alleges that she was detained in the CCJ from July 29, 2012 to February 27, 2013. Complaint § III. That she was housed in overcrowded cells and forced to sleep on the floor, despite a disability, and that she never received medical attention. *Id.*

**III. STANDARD OF REVIEW**

Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. The Court must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A]

pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

**IV. DISCUSSION**

Plaintiff seeks relief from CCJ for allegedly unconstitutional conditions of confinement. Primarily, the complaint must be dismissed as the CCJ is not a "state actor" within the meaning of § 1983. *See, e.g., Grabow v. Southern State Corr. Facility*, 726 F. Supp. 537, 538-39 (D.N.J. 1989) (correctional facility is not a "person" under § 1983). Accordingly, the claims against CCJ must be dismissed with prejudice.

Generally, "plaintiffs who file complaints subject to dismissal under [§ 1915] should receive leave to amend unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). This Court denies leave to amend at this time as Plaintiff's complaint is barred by the statute of limitations, which is governed by New Jersey's two-year limitations period for personal injury.[1] *See Wilson v.*

---

[1] "Although the running of the statute of limitations is ordinarily an affirmative defense, where that defense is obvious from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred complaint sua sponte under § 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to

3

*Garcia*, 471 U.S. 261, 276 (1985); *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). The accrual date of a § 1983 action is determined by federal law, however. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014).

"Under federal law, a cause of action accrues when the plaintiff knew or should have known of the injury upon which the action is based." *Montanez*, 773 F.3d at 480 (internal quotation marks omitted). Plaintiff states she was detained at CCJ from July 29, 2012 to February 27, 2013. The allegedly unconstitutional conditions of confinement at CCJ would have been immediately apparent to Plaintiff at the time of her detention; therefore, the statute of limitations for Plaintiff's claims expired on February 27, 2015. Plaintiff filed this case too late and it will be dismissed. As there are no grounds for equitable tolling of the statute of limitations,[2] the complaint will be dismissed with prejudice. *Ostuni v. Wa Wa's Mart*, 532 F.

---

state a claim." *Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 111–12 (3d Cir. 2013) (per curiam).

[2] Equitable tolling "is only appropriate '(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.'" *Omar v. Blackman*, 590 F. App'x 162, 166 (3d Cir. 2014) (quoting *Santos ex rel. Beato v. United States*, 559 F.3d 189, 197 (3d Cir. 2009)).

App'x 110, 112 (3d Cir. 2013) (per curiam) (affirming dismissal with prejudice due to expiration of statute of limitations).

**V. CONCLUSION**

For the reasons stated above, the complaint is dismissed with prejudice for failure to state a claim. An appropriate order follows.

**November 4, 2016**　　　　　　　　　　　**s/ Jerome B. Simandle**
Date　　　　　　　　　　　　　　　　　　JEROME B. SIMANDLE
　　　　　　　　　　　　　　　　　　　　Chief U.S. District Judge